FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 SEP 25 PM 12:44

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CLERK
SO. DIST. OF GA.

TRACY FORTSON, )
)
    Petitioner, )
)
v. ) CASE NO. CV410-217
)
BELINDA DAVIS, Warden, )
)
    Respondent. )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 21), to which objections have been filed (Doc. 23). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2254 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In her objections, Petitioner argues that the Magistrate Judge incorrectly concluded that trial counsel did not render ineffective assistance by deciding to forego hiring an expert to rebut Respondent's expert concerning the similarity of the concrete found at the crime scene and samples recovered from the bed of Petitioner's truck.

(Doc. 23 at 9-12.) The Court agrees with the Magistrate Judge both that the opinion offered by Respondent's expert was not so conclusive as to demand rebuttal by an expert, and there was a significant quantity of other, more incriminating, evidence linking Petitioner to the crime. (Doc. 21 at 23-27.) Therefore, trial counsel was not ineffective for making the tactical decision to focus on other incriminating evidence rather than spend time rebutting testimony that held little evidentiary value for Respondent.

Also, Petitioner contends that the Magistrate Judge erroneously concluded that trial counsel was not ineffective for failing to object to expert testimony that the victim was likely killed by someone he knew because he was asleep or otherwise inattentive at the time he was shot. (Doc. 23 at 17-19.) The Court agrees with the Magistrate Judge that, even assuming counsel should have objected, that evidence added little to Respondent's case-in-chief. (Doc. 21 at 29-30.) The expert's testimony was largely inconclusive, only stating that the victim likely knew the murderer. Counsel's opinion that the testimony did not warrant an objection fails to rise to the level of ineffective assistance of counsel.

2

In addition, Petitioner objects to the Magistrate Judge's conclusion that trial counsel was not ineffective for electing to forego cross-examination of Respondent's expert concerning his opinion on what type of latex gloves were worn by the killer. (Doc. 23 at 23-24.) Counsel strategically elected not to challenge that opinion because he felt it added little to Respondent's case. (Doc. 21 at 32-34.) In light of the breadth of evidence supporting Petitioner's guilt in this case, the Court agrees with the Magistrate Judge that counsel's strategic choice does not rise to the level of ineffective assistance.

Finally, Petitioner maintains that trial counsel's failure to challenge the search warrant based on the fact that the state Magistrate Judge's husband was involved in the investigation was ineffective assistance. (Doc. 23 at 32-34.) However, this Court agrees with report and recommendation: the mere fact the judge's husband worked for local law enforcement and was named in the warrant request does not require recusal. (Doc. 21 at 38-40.) The affidavit supporting the warrant was signed by an agent from the Georgia Bureau of Investigation and only tangentially referenced the judge's husband in the factual background as locating the body with the affiant. (Id. at 39-40.) In short, the facts surrounding the search warrant

do not per se require recusal. As a result, trial counsel's decision to not challenge the warrant fails to render his assistance as constitutionally ineffective.

SO ORDERED this 25th day of September 2013.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA